**Ronda GLEAVE, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

**No. 02–35674.
D.C. No. CV–01–00529–HA.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 2003.

Decided Sept. 17, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Tim D. Wilborn, Law Offices of Tim Wilborn, Portland, OR, for Plaintiff–Appellant.

Craig J. Casey, USPO–Office of the U.S. Attorney, Lucille G. Meis, Thomas Elsberry, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before HALL, GRABER, and GOULD, Circuit Judges.

144

MEMORANDUM *

Ronda Gleave appeals the district court's judgment affirming the denial of disability insurance benefits and supplemental security income benefits. We affirm.

1. The administrative law judge (ALJ) permissibly found that Gleave can perform work in the economy as a telemarketer, even though she lacked transferable skills.

The Dictionary of Occupational Titles (DOT) classifies that position as "semiskilled." The Vocational Expert (VE) who testified characterized the position as "a level of semi-skilled employment, but which ... does not in its existence require skill level." In answer to a clarifying question whether a telemarketing position was "unskilled," the VE responded that, in many years of research and placing individuals, she had never encountered an instance in which previous work experience makes any difference whatsoever or is required. "Without exception," she said, people should be able to step into that job without any previous experience or skills obtained from other jobs.

■ An ALJ may rely on expert testimony that contradicts the DOT. *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir. 1995).[1] The ALJ permissibly did so in this instance.

■ 2. The ALJ permissibly rejected, in part, Gleave's testimony regarding excess pain. *See Smolen v. Chater,* 80 F.3d 1273, 1281–82 (9th Cir.1996) (stating standard and identifying bases for adverse finding). For example, the ALJ noted that Gleave is the sole care-giver of an infant, that she does not take pain medication other than aspirin, and that she failed to follow recommended treatments that would alleviate most of her pain and limitations.

■ 3. The ALJ permissibly rejected Dr. MacCoy's conclusion of disability. The ALJ reasoned, in part, that Dr. MacCoy's treatment notes recorded Gleave's failure to comply with his instructions, but nonetheless reported that her condition had showed improvement. Additionally, the ALJ relied on the incompleteness of the notes. *See* 20 C.F.R. § 404.1513(e) (providing that "other source" evidence, such as a naturopath's opinion, must be complete and detailed).

■ 4. The ALJ properly considered the testimony of lay witnesses. The ALJ found Miller's testimony to be credible but found that it did not establish that Gleave's symptoms were disabling.

■ Gleave's argument that the ALJ had to explain why he rejected Miller's testimony is off the mark, because the ALJ credited the testimony. The further argument that the ALJ had to accept her lawyer's alternative formulation of the hypothetical put to the VE is unpersuasive because that formulation differed from Miller's testimony in describing the frequency of Gleave's symptoms. The ALJ did accept the essence of Miller's testimony in his hypothetical by finding (for example) that Gleave "gets emotional and cries a lot" and by incorporating appropriate nonexertional limitations into the hypothetical.

■ 5. Because the ALJ did not err in rejecting Gleave's excess pain testimony, and because he incorporated Miller's testi-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The new regulation, S.S.R. 00–4p (Dec. 4, 2000), went into effect after the hearing in the present case.

mony, it follows that he did not err in constructing the hypothetical for the VE at Step 5.

AFFIRMED.